# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **ROBIN L. BROWN** | **CIVIL ACTION NO. 09-1511** |
| LA. DOC #450511 | |
| VS. | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **WARDEN DEVILLE, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Robin L. Brown, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 20, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is currently incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana; however, when he filed this complaint he was imprisoned at the Forcht-Wade Corrections Center, Keithville, Louisiana. He complains that he was denied appropriate medical care while he was incarcerated at the J.B. Evans Correctional Center (JBECC), Newellton, Louisiana and he has sued LCS Corrections Services, Inc., the JBECC, and its Warden, Mr. Deville praying for $1.5 million in damages and a "permanent injunction" seeking unspecified relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

### *Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint, his application to proceed *in forma*

*pauperis,* and a Motion to Appoint Counsel on August 20, 2009. [Docs. 1,2, and 3] On September 1, 2009 he was granted *in forma pauperis* status. [Doc. 4] On September 11, 2009 he notified the Court of his transfer to WCC and his address change was duly noted by the Clerk of Court. [Doc. 5] On October 9, 2009 the undersigned completed an initial review and directed plaintiff to amend his complaint on or before November 12, 2009 to provide more specific detailed information concerning his claims for relief. [Doc. 6] Plaintiff has not responded to that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* ***Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, December 16, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE